Jack Stanislaw, J.
A motion is brought by defendant Amphar Asphalt Corp., the contractor of a public works contract, involving the construction of a portion of the Bay Shore-Brookhaven Town Line, in the County of Suffolk, for an order dismissing the complaint on the ground it fails to state a cause of action against said defendant and by defendant Trans-American Insurance Co., maker of the payment bond given by the contractor in compliance with section 137 of the State Finance Law, for an order dismissing the complaint pursuant to CPLR 3211 (subd. [a], par. 5), on the ground the cause of action asserted against said defendant is barred by the Statute of Limitations imposed by paragraph (b) of subdivision 4 of section 137 of the State Finance Law.
The complaint alleges two causes of action. The first is against the bonding company on the bond and the second, against defendant Coral Concrete Corp., a subcontractor of Amphar Asphalt *947 Corp., is for the balance due for certain material, sold and delivered by plaintiff to the subcontractor, used in connection with the construction.
The parties do not dispute the sale and delivery of the materials, that final delivery was made on April 22, 1966, that payment was due on May 22, 1966, and that on July 20, 1966, in accordance with section 137 of the State Finance Law, plaintiff notified the contractor and bonding company of the subcontractor’s failure to pay the balance due. Nor is there any dispute that if the suit was brought within one year of the date of final delivery of the material the action on the bond would lie. Service of the summons, however, was not made until May 19,1967, concededly, within one year of the date final payment was due but more than a year after final delivery of the material.
With respect to the action on the bond, the only issue in dispute is the interpretation of paragraph (b) of subdivision 4 of section 137 of the State Finance Law which prohibits such an action unless commenced within one year from the date claimant performed the last of the labor or furnished the last of the material for which the action is brought or, if the claimant is a subcontractor of the contractor, within one year from the date final payment under the subcontract became due. The question to be decided, therefore, is whether plaintiff is a subcontractor or a materialman. If plaintiff is a subcontractor, the action is not barred by the statute since it was commenced on May 19, 1967, three days before the expiration of one year from the date final payment was due. If plaintiff is not a subcontractor, and although within the category of those sought to be protected by the statute, namely one who has furnished labor or material to the contractor or to a subcontractor of the contractor in the prosecution of the work provided for in the contract, the action is barred by the statute, since it was commenced more than a year after the date final delivery of the material was made.
It is plaintiff’s contention that section 137 of the State Finance Law should be read in conjunction with section 2 of the Lien Law. The latter section, at subdivision 10, denominates a subcontractor as one who “ enters into a contract with a contractor and/or with a subcontractor for the improvement of such real property or such public improvement or with a person who has contracted with or through such contractor for the performance of his contract or any part thereof. ’ ’ Plaintiff urges that since it entered into a contract for the sale and delivery of the material to a subcontractor of the contractor, it, too, is a subcontractor and entitled to the longer statutory period within which to bring an action on the bond.
*948 Subdivision 12 of section 2 of the Lien Law, however, distinguishes between a subcontractor and a materialman, describing the latter as one ‘ ‘ who furnishes material * * * either to an owner, contractor or subcontractor, for, or in the prosecution of such improvement. ’ ’
Thus, even adopting plaintiff’s contention that the definition of parties provided for under section 2 of the Lien Law is controlling in the interpretation of section 137 of the State Finance Law, plaintiff cannot be designated a subcontractor, but rather a materialman who furnished material to a subcontractor of a contractor. Under neither section 2 of the Lien Law nor under section 137 of the State Finance Law is one, who furnishes material to a subcontractor, himself a subcontractor, merely because he supplied such material pursuant to contract.
Since the Legislature has distinguished between those who subcontract for the improvement of real property or public improvement and those who furnish material to a subcontractor in the prosecution of the work provided for in the contract (Lien Law, § 2, subds. 10, 12; State Finance Law, § 137) it appears that the former is intended to constitute the class of claimants entitled to commence an action on a payment bond within one year from the date on which final payment under the subcontract becomes due and the latter constitute the class required to commence such an action within one year from the date on which they furnished the last of the material for which the action is brought (State Finance Law, § 137, subd. 4, par. [b]).
Thus, the court is constrained to hold that the plaintiff, in this ease, is a materialman and that the cause of action on the bond is barred by section 137 of the State Finance Law, since it was commenced 27 days after the date of final delivery of the material in question. The motion of defendant Trans-American Insurance Co., therefore, is granted.
The second cause of action, which is not affected by this motion, is asserted only against the subcontractor, defendant Coral Concrete Corp. Although Amphar Asphalt Corp. is designated a defendant, in the title of the action, neither cause is asserted against it. Thus, the motion of defendant Amphar Asphalt Corp., to dismiss the complaint, is also granted.